**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:08CV51**

| | | |
|---|---|---|
| **WATCHIT TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| **BIG APPLE CONSULTING USA, INC.;** | ) | |
| **MJMM INVESTMENTS, L.L.C.;** | ) | |
| **DONALD WOOD; DENNIS** | ) | |
| **STEINMETZ; BRANDON WOOD;** | ) | |
| **MARC JABLON; and MARK C.** | ) | |
| **KALEY, ESQ.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ——————————————— | ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for

preliminary injunction.

## I. PROCEDURAL HISTORY

Although this litigation is at an early procedural stage, it already has

a lengthy history.  Plaintiff filed a complaint on February 20, 2008, against

Defendants Big Apple Consulting USA, Inc., MJMM Investments, LLC,

Donald Wood, Dennis Steinmetz, Brandon Wood, Marc Jablon, and Mark

C. Kaley, Esq. **Plaintiff's Original Complaint, filed February 20, 2008.**

The complaint alleged Defendants had engaged in fraud and deceit in

violation of section 10(b) of the Securities Exchange Act of 1934 and

Securities and Exchange Commission Rule 10b-5. *Id.* **¶¶ 127-54;** *see* **15**

**U.S.C. § 78j (codification of section 10(b)); 17 C.F.R. § 240.10b-5**

**(codification of Rule 10b-5).** On February 21, 2008, Plaintiff moved a

temporary restraining order (TRO) and a preliminary injunction against all

Defendants. **Motion for a Temporary Restraining Order and**

**Preliminary Injunction, filed February 21, 2008.** Following an *ex parte*

hearing, the Court entered the requested TRO, which enjoined Defendants

and their agents:

> (i) [from] making any public statements in which the Restrained
> Persons purport to be speaking on behalf of WatchIt; (ii) from
> making any further attempts to have WatchIt's transfer agent
> issue or cancel shares of WatchIt stock; (iii) from instructing
> any third parties to take any action whatsoever regarding
> WatchIt, and (iv) from inhibiting, infringing, delaying, or
> interfering with Plaintiff's ability and right to act as the Board of
> Directors of WatchIt[.]

**Order Granting Plaintiff's Application for Temporary Restraining**

**Order and Notice of Hearing, filed February 22, 2008, at 2;** *see also*

**Sealed Transcript of Hearing Before the Honorable Judge Graham**

**Mullen [on] February 22, 2008, filed February 27, 2008.** A preliminary

injunction hearing was scheduled for February 29, 2008. **Order of**

**February 22, 2008,** *supra***, at 3.** Pursuant to the ten-day time limit

described in Fed. R. Civ. P. 65, the TRO was set to expire on March 7,

2008. **Fed. R. Civ. P. 65(b)(2).**

On February 27, 2008, Defendants, with Plaintiff's consent, moved to

continue the preliminary injunction hearing "until at least March 10, 2008."

**Consent Motion for Continuance of Hearing, filed February 27, 2008,**

**at 2.** Accordingly the Court continued the hearing until March 12, 2008.

**Order, filed February 28, 2008.**

On February 28, 2008, Defendants moved to dismiss Plaintiff's

complaint, claiming Plaintiff had failed to state a claim upon which relief

may be granted. **Motion to Dismiss Complaint, filed February 28, 2008,**

**at 1.** On the same day, Defendants moved to dissolve, or in the

alternative, to modify, the TRO. **Defendants' Motion to Dissolve, or in**

**the Alternative, to Modify Temporary Restraining Order, filed February**

**28, 2008.** The motion stated that Defendants were willing to consent to an

extension of the TRO through the date of the preliminary injunction hearing

on March 12, 2008, but only if the TRO was modified as outlined in the

motion.  *Id.* **¶ 10.**  The requested modifications included an increase in the injunction bond from $1,000 to $300,000, as well as the removal of restrictions on Defendants' ability to exercise their shareholder rights.  *Id.* **¶¶ 7, 10.**

At this point, rather than extend or modify the existing TRO, the Court re-scheduled the preliminary injunction hearing for March 7, 2008, the day the TRO was originally set to expire.  **Order of March 3, 2008, at 3.**  In response, all parties filed a joint consent motion requesting continuance of the preliminary injunction hearing, extension of the TRO, and a stay of the litigation.  **Joint Motion for Stay, Continuance of Hearing, and Modification and Extension of Temporary Restraining Order, filed March 5, 2008.**  The motion also asked that the extended TRO be amended to include a statement that Defendants' rights and remedies as stockholders and creditors were to remain intact.  *Id.* **¶ 5.**  In support of these requests, the motion stated that the parties were engaged in settlement negotiations and were "very close to reaching agreement."  *Id.* **¶¶ 1-2.**

The Court agreed to the parties' requests and rescheduled the preliminary injunction hearing for March 21, 2008.  **Order, filed March 6,**

**2008, at 2.** The TRO was extended through the same date and modified as the parties requested. **_Id._** The litigation was also stayed until the same date. **_Id._**

Two days before the expiration of the stay, Defendants' attorneys moved to withdraw from representation. **Sonnenschein Nath & Rosenthal LLP's Motion to Withdraw as Counsel, filed March 19, 2008.** The following day, Plaintiff moved to continue the preliminary injunction hearing and extend the stay and the modified TRO. **Motion for Stay, Continuance of Hearing, and Extension of Modified Temporary Restraining Order, filed March 20, 2008.** The motion stated that Plaintiff had been in contact with Defendants' new attorneys, who were finalizing their representation and wished for extra time to prepare. **_Id._ ¶ 2.** Plaintiff stated that it, too, believed "an extension of the status quo" was appropriate, and that "[a]ll parties . . . continue to believe that a settlement of the issues in this litigation can be reached in the next two weeks." **_Id._ ¶¶ 2-3.**

The Court granted the requested continuance and extensions and allowed Defendants' attorneys' motion to withdraw. **Order, filed March 21, 2008 at 2.** The preliminary injunction hearing was rescheduled for April 4,

2008, and the TRO and the stay were also extended to this date. *Id.* One further two-week extension of the status quo through April 18, 2008, was allowed upon the parties' joint request, but the Court cautioned that "[f]urther requests for continuance of these matters will not be looked upon favorably by the Court." **Order, filed April 3, 2008, at 2;** *see* **Second Motion for Stay, Continuance of Hearing, and Extension of Modified Temporary Restraining Order, filed April 3, 2008.** Accordingly, the parties' next joint request for continuance, which came on April 17, 2008, was denied. **Order, entered April 18, 2008, at 2 (observing that the parties had failed to present new or different reasons for their renewed request);** *see* **Emerge[ncy] Motion for Stay, Continuance of Hearing and Extension of Modified Temporary Restraining Order, filed April 17, 2008.**

The preliminary injunction hearing took place on April 18, 2008. Plaintiff and Defendants Big Apple, MJMM, Jablon, and Kaley were represented by counsel. Defendants Steinmetz, Donald Wood, and Brandon Wood made no appearance. After hearing from all present, the undersigned extended the modified TRO pending issuance of a written injunctive order from the Court.

## II.  ANALYSIS

Plaintiff's motion of February 21, 2008, requests that any preliminary injunction contain essentially the same substantive terms as the TRO.   As noted above, the TRO enjoins Defendants from (1) making any public statements in which they purport to be speaking on behalf of WatchIt; (2) making any further attempts to have WatchIt's transfer agent issue or cancel shares of stock in WatchIt; (3) instructing any third parties to take any action whatsoever regarding WatchIt; and (4) inhibiting, infringing, delaying, or interfering with Plaintiff's ability and right to act as the Board of Directors of WatchIt.  **Motion for TRO and Preliminary Injunction,** *supra*, **at 1.**

Rule 65 states, in pertinent part, that "[e]very order granting an injunction . . . must:  (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." **Fed. R. Civ. P. 65(d)(1).**  In analyzing the propriety of a preliminary injunction, the Fourth Circuit has observed:

> [P]reliminary injunctions are extraordinary interlocutory remedies that are granted in limited circumstances and then only sparingly.  The limited circumstances amount to the demonstration of a need to protect the status quo and to

prevent irreparable harm during the pendency of the litigation to preserve the court's ability in the end to render a meaningful judgment on the merits. If that need is not presented, then a preliminary injunction should not be considered. But if the need is demonstrated, then the entry of a preliminary injunction rests in the discretion of the district court, which is informed by balancing factors under an analysis conducted pursuant to the familiar four-part test described in *Blackwelder* [*Furniture Co. of Statesville v. Seilig Manuf. Co.*, 550 F.2d 189, 194-96 (4th Cir. 1977)]. Under this test

> a court should consider (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest.

Further, the plaintiff bears the burden of establishing that each of these factors supports granting the injunction.

*In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003) (internal citation and quotation marks omitted). "In applying this four-factor test, '[t]he irreparable harm to the plaintiff and the harm to the defendant are the two most important factors.' . . . Emphasis on the balance of these first two factors results in a sliding scale that demands less of a showing of likelihood of success on the merits when the balance of hardships weighs strongly in favor of the plaintiff, and vice versa." *Id.* (alteration in original) (quoting *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991)).

In this case, therefore, the Court must first examine whether the "limited circumstances" described in *Microsoft* exist here: namely, whether Plaintiff has demonstrated "a need to protect the status quo and to prevent irreparable harm during the pendency of the litigation to preserve the court's ability in the end to render a meaningful judgment on the merits." *Id.* The merits of this case center around Plaintiff's allegations that Defendants were and are attempting to gain control of WatchIt using fraudulent means. Evidence filed by Plaintiff indicates that, prior to the issuance of the TRO, Defendants repeatedly attempted to act on behalf of Plaintiff's Board of Directors without the Board's consent. For example, Defendants issued a press release entitled "WatchIt Technologies, Inc. Announces Replacement of the Board of Directors and Officers and Appointment of New President and CEO." **Exh. 20, *attached to* Appendix in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, filed February 21, 2008 (stating that Defendant Mark Kaley, President of Defendant MJMM, "will now take over the responsibility of directing [WatchIt] as the new sole Director, President and CEO").** Plaintiff describes this press release as "fictitious." **Memorandum of Law in Support of Plaintiff's Motion for a Temporary**

**Restraining Order and Preliminary Injunction, filed February 21, 2008,
at 6.**  Defendant Mark Kaley also sent letters to Plaintiff's stock transfer
agent, Bay City Transfer, purportedly without authorization by WatchIt's
Board of Directors.  **Exhs. 18 & 23, *attached to* Appendix in Support of
Plaintiff's Motion, *supra*.**  The letters contained directions about (1)
cancelling stock certificates issued to Board members, (2) issuing millions
of additional shares to Kaley and Big Apple, and (3) refraining from
communication with attorneys hired by Plaintiff.  ***Id.***

On the basis of these and other accompanying exhibits, the Court
concludes that the "limited circumstances" described in *Microsoft* exist
here.  Specifically, Plaintiff's evidence demonstrates that the requested
restraints on Defendants' behavior will enable Plaintiff's Board of Directors
to retain control of WatchIt – thus maintaining the status quo until the Court
fully considers whether Defendants' takeover attempts were fraudulent.

Having determined that the "limited circumstances" are present in
which a preliminary injunction may be issued in the Court's discretion, the
Court must now decide whether to exercise that discretion.  The Court's
decision is informed by the four-prong analysis described in *Blackwelder*.
The first *Blackwelder* factor is the likelihood of irreparable harm to Plaintiff

absent the requested relief. As noted above, evidence submitted by Plaintiff indicates that, before the entry of the TRO, Defendants repeatedly attempted to act on behalf of Plaintiff's Board of Directors without the Board's consent. Defendants' actions confused and alarmed potential investors. As a result, Plaintiff's financing options evaporated, and Plaintiff's share price dropped by more than 80 percent. **Declaration of Gary Musselman in Support of Plaintiff's Motion for a Preliminary Injunction, filed February 21, 2008, ¶ 59; Declaration of Frank A. Moody II in Support of Plaintiff's Motion for a Preliminary Injunction, filed February 21, 2008, ¶ 78.** The Court shares Plaintiff's concern that a lifting of the restrictions imposed by the TRO has the potential to result in irreparable harm to Plaintiff, as Defendants would then be free to continue their attempts to act on behalf of Plaintiff. This in turn could cause further harm to Plaintiff's share prices, which are already under great stress.

The second *Blackwelder* factor is the likelihood of harm to Defendants if the TRO's restrictions are carried forward in a preliminary injunction. Here, this likelihood appears low. The requested relief will merely delay Defendants' takeover attempts, without infringing on their ability to proceed as they choose, should they prevail in any future trial.

The third factor is the likelihood that Plaintiff will succeed on the merits. The Court's examination of the SEC Rule which Defendants have allegedly violated, along with accompanying authority, indicates that Plaintiff appears to have some sort of cognizable claim, and therefore, at least a chance of success on the merits.[1] Further, as noted above, Plaintiff appears to be facing destruction if the preliminary injunction does not issue, whereas such an injunction would merely cause Defendants a delay. Thus, under the sliding scale described in *Microsoft*, the balance of hardships weighs heavily in Plaintiff's favor, and accordingly the need for a strong showing of likelihood of success on the merits is less urgent than it would be otherwise.

Finally, as to the fourth factor – public interest considerations – the evidence indicates that Plaintiff is a publicly traded company, and therefore, any alleged attempts to unfairly influence its share price may be expected to impact the public.

On the basis of these considerations, the Court concludes that entry of a preliminary injunction is proper in this case.

---

[1] Nothing in this Order shall be construed as a ruling on Defendants' pending motion to dismiss, which has not yet been fully briefed.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for a preliminary injunction is hereby **GRANTED**, as reflected in the Preliminary Injunction filed contemporaneously herewith.

**IT IS FURTHER ORDERED** that the stay previously imposed in this litigation is hereby lifted. Defendants shall have 15 days from the entry of this Order in which to adopt or modify their existing motion to dismiss, which was filed by Defendants' previous counsel.

**IT IS FURTHER ORDERED** that the parties shall meet and confer under Federal Rule of Civil Procedure 26(f) after the issues have been formally joined pursuant to L.Civ.R. 16.1.

Signed: April 25, 2008

Lacy H. Thornburg
United States District Judge