# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:08cv51

| | | |
|---|---|---|
| WATCHIT TECHNOLOGIES, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | 1:08cv51 |
| BIG APPLE CONSULTING USA, INC., *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | **ORDER OF CONSOLIDATION** |
| BIG APPLE CONSULTING USA, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | 1:09cv299 |
| FRANK A. MOODY, II, | ) ) ) | |
| Defendant. | ) ) | |
| BIG APPLE CONSULTING USA, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | 1:09cv300 |
| WATCHIT TECHNOLOGIES, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the court upon the Order of Honorable Mary S. Scriven, United States District Judge for the Middle District of Florida, entered in Case No. 6:09-cv-00073- Orl-35GJK and Case No. 6:09-v-00074-Orl-35KRS on August 3, 2009, transferring such cases to this district for consolidation with 1:08cv51. Upon transfer into this district, each Florida civil action was assigned a separate case number and counsel advised this court of Judge Scriven's decision by way of Notice as required by Judge Scriven.

It now appearing that both cases have been transferred into this district, such cases will be consolidated with this action. As noted by Judge Scriven, there appears to be conflicting alignment of parties in the Florida actions and in the action previously pending before this court. Further, it appears that there has been substantial delay in reaching the now pending and ripe Motion to Dismiss filed in the North Carolina action.[1] Thus, the court has four tasks: (1) realignment of the parties; (2) determining whether amendment of the pleadings is necessary in light of such realignment; (3) disposing of all pending motions, which may be mooted by amendment; and (4) a plan for the prompt resolution of this dispute. See Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[2] ("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial

---

[1] The court notes that Judge Scriven mooted all pending motions in the Florida actions before transfer.

[2] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

These will be time consuming tasks in light of the procedural history of these cases, and the court will require respective counsel to meet and use best efforts to resolve as many of these issues as possible. Respective counsel, who may or may not practice regularly in this district, are advised that the district court expects cases to be closed within one year of joinder of the issues. Unless resolved amicably, a status hearing will be set 30 days hence at which time the court will address the above issues.

## ORDER

**IT IS, THEREFORE, ORDERED** that the above actions are **CONSOLIDATED** for all pretrial proceedings and trial under docket number 1:08cv51.

**IT IS FURTHER ORDERED** that a Status Conference is **CALENDARED** for hearing on October 13, 2009, at 2 p.m.

Signed: August 31, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge